NOTICE OF OBJECTION TO CONFIRMATION

WELLS FARGO BANK, N.A. has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

File with the Court an answer, explaining your position at:
**Clerk**
**U.S. Bankruptcy Court**
**50 Walnut Street, 3rd Floor**
**Newark, NJ 07102**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103

MARIE-ANN GREENBERG, Trustee
30 TWO BRIDGES ROAD, SUITE 330
FAIRFIELD, NJ 07004

Attend the hearing scheduled to be held on 03/13/2019 in the NEWARK Bankruptcy Court, at the following address:
**U.S. Bankruptcy Court**
**50 Walnut Street, 3rd Floor**
**Newark, NJ 07102**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: March 12, 2019

/s/ Robert J. Davidow
Robert J. Davidow, Esq.
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103

Tel: 856-813-5500 Ext. 47960
Fax: 856-813-5501
Email: Robert.Davidow@phelanhallinan.com

**File No. 817131**
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard
Philadelphia, PA 19103
856-813-5500
FAX Number 856-813-5501
WELLS FARGO BANK, N.A.

| In Re: | UNITED STATES BANKRUPTCY COURT |
|---|---|
|     MERIDA MESA | FOR THE DISTRICT OF NEW JERSEY |

In Re:
    MERIDA MESA



Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

Chapter 13

Case No. 18-29225 - SLM

Hearing Date: 03/13/2019

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, WELLS FARGO BANK, N.A., the holder of a Mortgage on debtors residence located at 335 RIVER ROAD, BOGOTA, NJ 07603 hereby objects to the Confirmation of the debtors proposed Chapter 13 Plan on the following grounds:

1.      Movant is WELLS FARGO BANK, N.A..

2.      On November 20, 2018, Movant filed a Proof of Claim listing Post-Petition arrears in the amount of $0.00.

3.      Debtors' Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5).

4.      Debtors' Plan currently provides for payment to Movant in the amount of $958.70.

5.      The proposed refinance and/or sale of the property is speculative in nature.

6.      Movant objects to Debtor's Plan as it is severely underfunded. Debtor's Plan should be amended to fully fund the arrears owed to Movant during the term of the Plan rather than rely on speculation that the property will be refinanced and/or sold.

WHEREFORE, WELLS FARGO BANK, N.A. respectfully requests that the Confirmation of Debtors Plan be denied.

/s/ Robert J. Davidow
Robert J. Davidow, Esq.

Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
Tel: 856-813-5500 Ext. 47960
Fax: 856-813-5501
Email: Robert.Davidow@phelanhallinan.com

Dated: March 12, 2019

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

817131
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
856-813-5500
Attorneys for WELLS FARGO BANK, N.A.

| | |
|---|---|
| In Re: | Case No:  18-29225 - SLM |
| Merida Mesa | Hearing Date: _____ |
| | Judge:  STACEY L. MEISEL |
| | Chapter:  13 |

## CERTIFICATION OF SERVICE

1.    I, Bjorn Pilgrim:

☐ represent the _____ in the above-captioned matter.

☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC,
who represents WELLS FARGO BANK, N.A. in the above captioned matter.

☐ am the _____ in the above case and am representing
myself.

2.    On March 12, 2019 I sent a copy of the following pleadings and/or
documents to the parties listed below:

Objection to Plan

3.    I hereby certify under penalty of perjury that the above documents were sent
using the mode of service indicated.

Dated:  __March 12, 2019_____          /s/  *Bjorn Pilgrim*_____
                                                                                    Bjorn Pilgrim

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Merida Mesa<br>335 River Road,<br> Bogota, NJ 07603 | Debtor | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| David E. Sklar, Esquire, Esquire<br>1599 Hamburg Turnpike<br>P.o. Box 2031<br>Wayne, NJ 07470 | Debtor Attorney | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☐ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| Marie-Ann Greenberg, Trustee<br>30 Two Bridges Road<br>Suite 330<br>Fairfield, NJ 07004 | Debtor's Attorney | ☐ Hand-delivered<br><br>☒ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☒ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |
| U.S. Trustee<br>U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark NJ 07102 | Trustee | ☐ Hand-delivered<br><br>☐ Regular Mail<br><br>☐ Certified mail/RR<br><br>☐ E-mail<br><br>☒ Notice of Electronic Filing (NEF)<br><br>☐ Other_____<br>(as authorized by the court *) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

# Exhibit "A"

Fill in this information to identify the case:

Debtor 1    MERIDA MESA

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: District of New Jersey

Case number 18-29225

## Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. Use this form to make a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

The law requires that filers **must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Wells Fargo Bank, N.A.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Wells Fargo Bank, N.A. Default Document Processing<br>Name | Wells Fargo Bank, N.A. Attention: Payment Processing<br>Name |
| 1000 Blue Gentian Road  N9286-01Y<br>Number        Street | 1 Home Campus MAC #F2302-04C<br>Number        Street |
| Eagan               MN          55121-7700<br>City              State          ZIP Code | Des Moines           IA          50328<br>City              State          ZIP Code |
| Contact phone  1-800-274-7025 | Contact phone  1-800-274-7025 |
| Contact email  POCNOTIFICATIONS@WELLSFARGO.COM | Contact email  POCNOTIFICATIONS@WELLSFARGO.COM |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
WFCMGE1829225NJM73397059

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)_____

Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier  filing? _____

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __7059_____ ____ |
| 7. **How much is the claim?** | $326,387.65**_____. **For leases state only the amount of default.**<br><br>**Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or<br>     other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Money loaned_____ |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes.   The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: 335 RIVER RD  BOGOTA, NJ  07603_____<br><br>**Basis for perfection:**    Mortgage/Deed of Trust_____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                                     $_____<br>**Amount of the claim that is secured:**    $362,387.65_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $0.00**_____<br><br>**Annual Interest Rate** (when case was filed) 6.49%<br>☑ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |
| 11. **Does this claim involve a right to setoff?** | ☑ No<br><br>☐ Yes. Explain: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/1/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    11/16/2018
                    MM / DD / YYYY

/s/Eric Houdek
_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        Eric  Houdek
            First name          Middle name          Last name

Title       Vice President Loan Documentation

Company     Wells Fargo Bank, N.A.
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     1 Home Campus F2303-01E
            Number        Street

            Des Moines                    IA        50328-0001
            City                          State     ZIP Code

Contact phone    1-877-891-0002        Email    HEQBANKRUPTCYCH13@wellsfargo.com

**Part1: Mortgage and Case Information**  **Part 2: Total Debt Calculation**  **Part 3: Arrearage as of Date of Petition**  **Part 4: Monthly Mortgage Payment**

| Part1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 18-29225 | Principal balance: | 183808.28 | Principal & interest due: | 0.00 | Principal & interest: | 1282.97 |
| Debtor 1: | Merida Mesa | Interest due: | 102387.52 | Prepetition fees due: | 0.00 | Monthly escrow: | N/A |
| Debtor 2: | | Fees, costs due: | 63862.76 | Escrow deficiency for funds advanced: | N/A | Private mortgage insurance: | N/A |
| Last 4 digits to identify: | 7059 | Escrow deficiency for funds advanced: | N/A | Projected escrow shortage: | N/A | Optional product: | 0.00 |
| Creditor: | Wells Fargo Bank, N.A. | Other: | 12329.09 | Other: | 0.00 | Total monthly payment: | 1282.97 |
| Servicer: | N/A | Less total funds on hand: | N/A | Less funds on hand: | N/A | | |
| Fixed Accrual/Daily Simple Interest/Other: | Daily Simple Int. | Total debt: | 362387.65 | Total Prepetition arrearage: | 0.00 | | |

*Additional changes to monthly payment amount may be required because interest rate adjustments or escrow requirement changes

**Part 5: Loan Payment History from First Date of Default**

| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Contractual payment amount | Funds received | Amount incurred | Description | Contractual due date | Prin, Int & Escr past due balance | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied Funds | Principal balance | Accrued interest balance | Escrow balance | Fees / Charges balance | Unapplied funds balance |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

## Addendum Page

Basis for asserting that the applicable party has the right to foreclose:

Basis for asserting that the applicable party has the right to foreclose: Debtor(s) executed a promissory note secured by a mortgage, deed of trust, or security deed.  The Promissory note is either made payable to creditor or has been duly indorsed.  Creditor, directly or through an agent, has possession of the promissory note.  Creditor is the original mortgagee or beneficiary or the assignee of the mortgage, deed of trust, or security deed.

## Additional Disclaimers (where applicable)

** "The debtor(s) liability for repaying this indebtedness was discharged in a prior Chapter 7 case.  This claim is being filed in rem.  No arrearage is stated in the claim, although it may exist, because the debtor's plan does not provide for the arrears in the plan.  Wells Fargo reserves the right to amend this claim to include the arrears in the event the debtor files an amended or modified plan providing for arrears in the plan."

As permitted under the terms of the underlying indebtedness document, Wells Fargo Bank, N.A. has previously advanced $12,329.09 to pay for insurance coverage on the subject property where appropriate insurance coverage was not otherwise obtained or documentation provided by the accountholder. No escrow account was established and the amounts advanced were added to the account balance at the time of the advance.

## 410

> **Part 2:** Question 9-Describe contains the property address.

## 410A

> **Part 2:**
>
> Principal Balance is from Part 5, Column M as of the Bankruptcy File Date.
>
> Interest Due is the interest due as of the Bankruptcy File Date.
>
> Fees, costs due is from Part 5, Column P as of the Bankruptcy File Date and includes any outstanding fees (i.e. late charges, property inspections) and cost (i.e. attorney costs), also included are corporate advances (i.e. tax, insurance) for non-escrowed loans as of the Bankruptcy File Date.  Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.
>
> Other includes any applicable Lender Placed Insurance or other Optional Products (i.e. A & H, Life) due as of the Bankruptcy File Date. This line was added to ensure transparency.
>
> Total Debt not to be used for payoff purposes.
>
> **Part 3:**
>
> Principal and Interest is the principal and interest portion of Part 5, Column G, as of the Bankruptcy File Date.
>
> Pre-Petition Fees Due is from Part 5, Column P as of the Bankruptcy File Date. Any fees, costs due that are incurred pre-petition and waived post-petition will not be included.
>
> Other includes any applicable Lender Placed Insurance or Optional Products (i.e. A & H, Life) due as of the bankruptcy file date. This line was added to ensure transparency.

**Part 4:**

Optional Products includes any applicable Lender Placed Insurance or optional products (i.e. A & H, Life) due as of

the Bankruptcy File Date. This line was added to ensure transparency.

(*)This disclaimer has been added to the form to explain that the monthly payment amount may change periodically

throughout the life of the loan.


**Part 5:**

If any of the transactions in the loan payment history contain amounts for optional products or lender placed

insurance, the amount for that product or insurance will be reflected in either the Contractual payment amount or the

Funds Received amount, and will be applied in those amounts. It will also be reflected in column G as described

below.

Column G In addition to the items listed, this also includes any past due Lender Placed Insurance or optional

products (i.e. A & H, Life) amounts, as applicable. Lender Placed Insurance and optional product (i.e. A & H, Life)

amounts will not be included in columns H-Q due to no appropriate column heading for this type of transaction.

Column N will only be populated if the loan is Daily Simple Interest.

## NEGOTIABLE PROMISSORY NOTE
### (Fixed or Variable Interest Rate)

BK: **28**    LOC:    LN TP: **69**

Ref. No
Acct. No.

Date: **02/14/03**

$ **202000.00**

CREDITOR: **WACHOVIA BANK, NATIONAL ASSOCIATION**

300 Fidelity Plaza, NJ2203
North Brunswick, NJ 08905-2203

BORROWER(S): **MERIDA  MESA**

**335 RIVER RD**

**BOGOTA, NJ 07603**

FOR VALUE RECEIVED, I the Borrower (which means everyone who signs below as a borrower, jointly and severally), promise to pay WACHOVIA BANK, NATIONAL ASSOCIATION, or order, the principal amount of this loan as stated above (the Amount Financed, plus the prepaid finance charge, if any, as disclosed in the Itemization of Amount Financed), together with interest from the date of this Note on the unpaid principal balance at the interest rate for a fixed or variable rate loan disclosed below until fully paid. "I," "me," and "my" refer to Borrower(s) while "you" and "your" refer to WACHOVIA BANK, NATIONAL ASSOCIATION.

**X**    If indicated, this is a fixed rate loan and my interest rate is  **6.49**

___    If indicated, this is a variable rate loan and my Initial Interest Rate is  **N/A**
which is tied to the Wall Street Journal (WSJ) "Prime Rate."

The Initial Interest Rate is computed as follows: Prime Rate of       % Plus   **0.00**       Percentage Points.

| ANNUAL PERCENTAGE RATE: The cost of my credit as a yearly rate. | FINANCE CHARGE: The dollar amount the credit will cost me. | Amount Financed. The amount of credit provided to me or on my behalf. | Total of Payments. The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| **6.59** % | $ **261869.20** | $ **200000.00** | $ **461869.20** |

I have the right to receive at this time an itemization of the Amount Financed: (_____) I want an itemization. (_____) I do not want an itemization.

(Initials)           (Initials)

**My payment schedule will be:**

| No. of Payments | Payment Amount | Frequency | Due Date | No. of Payments | Payment Amount | Frequency | Due Date |
|---|---|---|---|---|---|---|---|
| **360** | $ **1282.97** | **M** | **04/15/03** | | $ | | |
| | $ | | | | $ | | |

**Variable Rate.** If my loan has a variable rate, my interest rate may increase during the term of my loan based on movement of the WSJ Prime Rate. My interest rate will not increase more than once each month. If my loan is secured by a principal dwelling for a term greater than one year, disclosures about the variable rate have been provided to me earlier.

___    If indicated, my loan has multiple payments for a term of more than 60 months. Any increase in my interest rate will increase the number of payments and may increase the payment amounts. If my loan were for $10,000 for 144 months at 12% and the interest increased to 12.50% in three months, my regular payment would increase by $7.30 beginning with my Sixty-First payment.

___    If indicated, my loan has multiple payments for a term of 60 months or less. Any increase in my interest rate will increase the number of payments. If my loan were for $10,000 for 60 months at 12% and the interest rate increased to 12.50% in three months, I would have to make one additional payment of $196.56.

___    If indicated, my loan has a single payment. Any increase in my interest rate will increase the amount due at maturity. If my loan were for $10,000 at 12% for 90 days, and my interest rate increased to 12.25% in 20 days, then my final payment would increase by $4.80.

___    MAXIMUM RATE: If indicated, the maximum interest rate will not exceed:

**Security.** I am giving a security interest in:

___    the goods or property being purchased.    **X**    other (describe): **REAL ESTATE**

Collateral securing other loans with you may also secure this loan, except my principal dwelling or household goods.

**Filing Fees. $**
**Prepayment.** If I pay off early, I will not have to pay a penalty and I will not be entitled to a refund of any part of the Prepaid Finance Charge.

**Late charges.** If you receive any payment 10 days or more after the due date, I agree to pay you a late charge of 5% of my payment.

___    If indicated, this loan is for the purchase of property used as my principal dwelling and someone buying my principal dwelling cannot assume the remainder of my loan on the original terms.

___    If indicated, the Annual Percentage Rate does not take into account my required deposit.

I may see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled due date, and prepayment refunds and penalties.

---

**INSURANCE DISCLOSURES:** I understand that credit life and credit disability insurance are not required to get this loan. You will not provide it unless I sign this credit insurance section and agree to pay the cost. If I want any of these insurance coverages, I must be sure that the insurance coverage I want is indicated, that the amount of the premium is filled in, and that I have signed below. If I request credit insurance or credit disability insurance, I have the right to rescind the insurance policy or certificate of insurance by giving written notice to the insurance company within 30 days from the date I received the policy or certificate. The term and amount of any insurance I request is for the stated term/amount of this loan unless otherwise indicated below. If this loan is secured, I may obtain property insurance from anyone I choose.

| INSURED #1 #2 | TYPE | PREMIUM | TERM IN MOS. | AMT. OF COVERAGE | DISABILITY MONTHLY BENEFIT |
|---|---|---|---|---|---|
| ___  ___ | Credit Life | $ _____ | _____ | $ _____ | |
| ___ | Credit Disability | $ _____ | | $ _____ | $ _____ |

I understand that the premium(s) for the insurance coverage(s) that I am selecting are not being financed into the principal amount disclosed in the Note. The payment amount disclosed in the payment schedule (above) includes the applicable monthly premium for the insurance coverage(s) that I have selected. I understand that if my actual payment is sufficient to cover the principal and interest due under the terms of this Note, but is not sufficient to cover the scheduled premium(s) that such non-payment will not constitute a default under the terms of this Note. If such an event occurs the applicable insurance coverage(s) will be cancelled. I understand that I will be provided notice of any such cancellation.

I request coverage(s) checked for the premiums shown above.     I request coverage(s) checked for the premiums shown above.

_____     _____
Signature of Insured #1                              Signature of Insured #2

---

**PROPERTY AS SECURITY:** To secure payment of this Note, I grant you a security interest in the collateral described below, or in the Deed of Trust as indicated by the date below or on Schedule A, plus all additions, replacements or accessions to, and proceeds of the collateral. This collateral will secure any other loans with you, now or in the future unless the collateral is used as a principal dwelling or household goods. Any additional collateral is listed on the attached Schedule A.

---

Real property located at
335 RIVER RD
BOGOTA                          NJ     07603

As more fully described on mortgage dated 02/14/03

---

**NOTICE OF PROPOSED CREDIT INSURANCE:** I understand that credit insurance may be contemplated in connection with my indebtedness. I am eligible for coverage if I have not attained age 67 on the expiration date of coverage. If such insurance becomes effective, it will be provided by UNION SECURITY LIFE INSURANCE COMPANY, Principal office: 260 Interstate North Circle, Atlanta, Georgia, 30339-2111, Home office: Wilmington, Delaware, and a certificate or individual policy describing the coverage in detail will be sent to me within 30 days. If the insurance does not become effective, the premium charged will be refunded in full.

The amount of charge is indicated on this note for each type of credit insurance purchased. Subject to the limitations in this group or individual policy issued to the creditor or me, a benefit will be paid in the event of my death if credit life insurance is purchased and a monthly benefit will be paid in the event of my total disability if credit disability insurance is indicated. No life benefit will be paid if I commit suicide within 2 years from the effective date of coverage. No disability benefit will be paid for disability resulting from: (a) self-inflicted injury; (b) flight in non-scheduled aircraft; (c) military service; (d) war or any act of war; (e) pregnancy; (f) travel or residence outside of US or Canada; (g) pre-existing condition which required medical diagnosis or treatment within 6 months before the effective date and which causes a loss within 6 months after the effective date. The term of coverage will begin at the time I incur the indebtedness and will expire on the scheduled maturity date of indebtedness.

NJNP0002

---

**VARIABLE RATE INTEREST RATE CHANGES:** If my loan has a variable rate, I understand and agree that you will adjust the number and amount of my payments, the interest rate, the term to maturity and other relevant terms of my loan in accordance with your variable rate consumer lending procedures and programs, as they may change from time to time, the terms of which are described herein. My interest rate will change in an amount equal to the change in WSJ Prime Rate. WSJ Prime Rate is announced and changed, from time to time. I understand that this rate is not represented or intended to be your lowest or most favorable rate. My interest rate will be the sum of the number of percentage points, as indicated on the front of this Note, plus WSJ Prime Rate, as it may change from time to time. My interest rate may not change more than once each month during the term of my loan which will occur on the first day of each calendar month and will be based on WSJ Prime Rate published on the 25th day of the prior calendar month. If more than one rate is published, you will use the higher rate as the WSJ Prime Rate. If the 25th falls on a day when the WSJ Prime Rate is not published, the WSJ Prime Rate will be the rate published the last day prior to the 25th. **Changes in the interest rate will be subject to any maximum rate stated in this Note. If no maximum rate is indicated, my rate will not exceed the highest rate permitted by law.** If the amount of any payment does not pay all interest due, you will collect the unpaid interest from future payments.

**PAYMENT ADD PROVISIONS:** If my loan has an original term of 60 months or less, you will extend the number of my payments if on the date of my final scheduled payment the amount of the scheduled payment will not pay the outstanding principal balance and unpaid interest. You will continue to bill me for my payment as long as any balance remains unpaid on my loan.

**VARIABLE RATE PAYMENT CHANGES:** If my loan is a variable rate loan with an original term of more than 60 months, the amount of my payment may change in the 61st calendar month and every 60th calendar month thereafter. Prior to each payment change date, you will calculate a payment estimated to pay the outstanding principal balance and any unpaid interest at the then current interest rate during the remaining term of the loan. My payment will never increase more than 25% of the previously calculated payment. If on any payment change date, 60 months or less remain on my loan, said payment change will be considered as the final payment change. At the final payment change, if necessary, you will increase my payment up to 25% of my previous payment and you will continue to bill me for my payment as long as any balance remains unpaid on my loan.

**BALLOON NOTE:** If my payment schedule on this Promissory Note indicates a balloon payment (a single payment scheduled at the end of the loan which is larger than any of the earlier scheduled payments) as the final payment, the following provisions apply: If my loan has a fixed interest rate, my payment habits and any loan extensions may change the amount of my finance charge reflected in my final balloon payment. If my loan has a variable interest rate with a term of 60 months or less, my payment habits and any loan extensions or interest rate changes may change the amount of my finance charge reflected in my final balloon payment. If my loan has a variable interest rate with a term of more than 60 months, the amount of my regular payment may change in the 61st calendar month and every 60th calendar month thereafter. My regular payment will never increase more than 25% of the previously calculated payment. If on any payment change date, 60 months or less remain on my loan, said payment change will be considered as the final payment change. However, after the final payment change, my payment habits and any loan extensions or interest rate changes may change the amount of my finance charge reflected in my final balloon payment.

**INSURANCE:** If I have given you a security interest in my property, I agree to keep physical damage insurance covering loss or damage to any collateral for the term of this loan. My insurance must cover any physical damage, including damage caused by flood(s), if you require such coverage. My insurance shall be maintained in the amounts and for the periods that you require. If I fail to maintain adequate coverage as described above, you may, at either your option or as required by law, obtain coverage to protect your rights in accordance with other provisions of this Note. If collateral is lost, damaged or destroyed, I agree that you may use any insurance settlement either to repair the collateral or to apply it to my debt. I agree to assign the proceeds of any insurance to you to the extent of the debt I owe and agree that the insurance company may pay you directly. I agree that you have an irrevocable power of attorney to file proofs of loss and anything else necessary to obtain the insurance proceeds in my name. Loss, damage or destruction of collateral will not release me from any liability under this Note.

**SECURITY AGREEMENT:** If I have given you a security interest in any collateral, I pledge as security for repayment of this loan the collateral and any accessories, equipment, replacement parts installed therein, accessions, and proceeds thereof.  This security interest also covers (1) insurance premiums and other similar charges, (2) proceeds of any insurance policies or similar coverage on the collateral, and (3) proceeds of any insurance policies on my life or health which are financed in this Note. I also give you a security interest in any collateral (other than household goods or principal dwelling) that secures any other loans I have with you, now or in the future. You expressly waive as collateral for this loan any security interest in my principal dwelling and household goods for any existing or future transactions between us. If I grant you a security interest in securities as collateral, I agree to deliver immediately to you, fully endorsed, any certificates for shares representing any stock dividend, and stock split-up, or a right to subscribe. I further pledge and agree to deliver to you, upon demand, additional collateral satisfactory to you and in accordance with all margin requirements.

**EVENTS OF DEFAULT:** I will be in default under this Note if: (1) I fail to make any payment or comply with any of the terms of this  Note or any other Note with you now or in the future; (2) I make any false, incorrect or misleading representation or warranty; (3) I die,  become bankrupt or insolvent; (4) i suffer actual or de facto dissolution; (5) I take or fail to take any action concerning this Note or the collateral which reasonably causes you to deem yourself insecure or your prospects for payment impaired; or (6) I fail to perform any term(s) of any mortgage which secures payment of the Note.

**REMEDIES ON DEFAULT:** If I default hereunder, you have the right to declare the entire unpaid debt immediately due and payable without giving me any advance notice. If I make any payment after you have demanded payment of the entire balance due, my payment will be applied to the unpaid balance. My debt will be the unpaid balance of the amount financed, plus accrued finance charges, unpaid late charges, collection costs, and all other amounts due you under this Note. You also shall have other rights and remedies provided by law, including the right to the immediate possession of the collateral without notice or resort to legal process. If any personal property of mine is in the collateral, you may take this property without liability and store it for me. If the net proceeds of collateral sold do not pay my indebtedness in full, I will pay you the difference, plus interest at the rate herein until paid in full. If this loan is secured by real estate, you have the right to foreclose on the real property and enforce your rights as provided in the mortgage securing this loan.

**ATTORNEY'S FEES:** If you hire an attorney to collect what I owe, I agree to pay your reasonable attorney's fees, which will be 15% of the total amount I owe you, plus court costs.

**RETURNED PAYMENT CHECK FEE:** If I make a payment by check and a check is returned unpaid for any reason, I agree to pay a charge of $20 for each returned payment check or $28 if loan is secured by real estate. Said returned check fee may be added to my outstanding principal balance hereunder, and accrue interest at the rate herein, without notice.

**ARBITRATION:** At my, Guarantor or your request, any controversy arising out of or relating to this loan shall be decided by binding arbitration under the Commercial Arbitration Rules of the American Arbitration Association. Any controversy that is related to a class action or is part of a class action shall, at my, the Guarantor or your request, be referred for decision by arbitration as provided herein. A  judgment upon award may be entered by any court having jurisdiction.

Notwithstanding the preceding arbitration provisions, I, the Guarantor or you may employ or exercise freely, either alone, in conjunction with or during an arbitration proceeding, any provisional or ancillary remedies including foreclosure and sale of any collateral by judicial or non-judicial foreclosure, self help, set-off, attachment, garnishment and sequestration. Preservation of these remedies does not limit the power of the arbitrator to grant similar remedies.

**OTHER PROVISIONS:** Each borrower, including co-maker, co-signer, surety, endorser or guarantor, individually and jointly, waive presentment, demand, protest or notice of protest and any notice that you are demanding payment in full of the entire outstanding balance because of default or any other reason. You may accept late or partial payments, even if they are marked "payment in full," without losing any of your rights. If you receive any payment 10 days or more after the due date, I agree to pay you a late charge of 5% of my payment. You may exercise your right to setoff against any funds I have on deposit with you. The information in my credit application is true and complete. This Note contains the entire agreement between us except, to the extent it becomes necessary, reference for further details is made to your variable rate consumer lending procedures and programs, as may change from time to time. Any waiver or change in the terms of this Note must be in writing and signed by you. No oral changes are binding. This Note is governed by the laws of the United  States and New Jersey. Your failure to insist upon prompt payment or to enforce any other right shall not be deemed a waiver thereof. I understand that my payment habits and any loan extensions may change the amount of finance charge and total payments disclosed on the front of this Note. This loan cannot be assumed by any other party.

**GUARANTY OF THIRD PERSONS:** The undersigned jointly and severally guarantee the payment, when due, to any holder hereof of all amounts from time to time owing on this Note. The undersigned jointly and severally waive notice of acceptance of this guaranty, any extensions in time of payment, sale of any collateral, and all other notices to which the undersigned would otherwise be entitled by law and agree to pay all amounts owing hereunder upon demand, without requiring any prior action or proceedings against the borrowers. The undersigned also agrees that the failure by the holder of this instrument to perfect any security interest granted by the Note shall not affect in any manner the liability of any guarantor hereon. The undersigned acknowledges receipt and execution of the Co-Signers Notice before signing this guaranty.

_____ (SEAL)        _____ (SEAL)
Guarantor – Co-Signer                                      Guarantor – Co-Signer


**THIRD PARTY OWNER(S) AGREEMENT:** The undersigned, as owner(s) or co-owner(s) of the collateral, grant you a security interest in the collateral and agree that the terms and conditions of this Note shall apply to the collateral.

_____ (SEAL)        _____ (SEAL)
Owner or Co-Owner                                          Owner or Co-Owner


**EACH BORROWER ACKNOWLEDGES RECEIPT OF A COPY OF THIS NOTE, FULLY COMPLETED PRIOR TO SIGNING, AND FURTHER ACKNOWLEDGES THAT THIS IS A SEALED INSTRUMENT.**

_____ (SEAL)        _____ (SEAL)
Borrower                                                        Borrower
MERIDA   MESA

Prepared By/Return To:
**PHYLLIS JOHNSON**
Wachovia Bank, National Association
Retail Credit Servicing
P.O. Box 50010
Roanoke, VA 24022

Parcel No:
**8-13**

36687    Mortgage
Kathleen A. Donovan    Recording Fee 45.00
Bergen County Clerk
Recorded 02/27/2003 09:34

# MORTGAGE

THIS MORTGAGE made this day **14**    **February, 2003**_____ between the Mortgagor,
_____**MERIDA MESA**

(herein "Borrower"), and the Mortgagee, Wachovia Bank, National Association, a national banking association organized and existing under the laws of the United States of America, whose address is Wachovia Bank, National Association, 301 South College Street, NC 0630, Charlotte, North Carolina 28288-0630 (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S.$__**202000.00**_____ which indebtedness is evidenced by Borrower's Note dated **02/14/03**_____ and extensions, modifications and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on **03/15/33**_____.

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the following described Property located in the County of _____**BERGEN**_____, State of New Jersey:

DEED DATE:08/09/99 RECORDED: 08/23/99 BOOK/INST: 8200 PAGE: 353

| PARCEL/TAX ID #:8-13 | | TWP/BORO:BOROUGH OF BOGOTA | |
| BRT: | | WARD: | |
| LOT:13 | BLOCK: 8 | | MAP PLAT: |

which has the address of **335 RIVER RD**_____
_____**BOGOTA NJ**    **07603**_____
and Parcel No.**8-13**_____ (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances and rents all of which shall be deemed to be and remain a part of the Property covered by this Mortgage, together with said Property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

**Any Rider ("Rider") attached hereto and executed of even date is incorporated herein and the covenants and agreements of the Rider shall amend and supplement the covenants and agreements of this Mortgage, as if the Rider were a part hereof.**

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and, convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note. This Mortgage secures payment of said Note according to its terms, which are incorporated herein by reference.

**2. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations, under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**3. Hazard Insurance.** a) Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards, including but not limited to floods, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with section 5.

b) All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

c) Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Mortgage, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Mortgage, whether or not then due. The 30-day period will begin when the notice is given.

d) Except as provided in subsection 3(e) below, should partial or complete destruction or damage occur to the Property, Borrower hereby agrees that any and all instruments evidencing insurance proceeds received by Lender as a result of said damage or destruction, shall be placed in a non-interest bearing escrow account with Lender. At Lender's discretion, Lender may release some or all of the proceeds from escrow after Borrower presents Lender with a receipt(s), invoice(s), written estimates(s) or other document(s) acceptable to Lender which relates to the repair and/or improvements of the Property necessary as a result of said damage and/or destruction. Absent an agreement to the contrary, Lender shall not be required to pay Borrower any interest on the proceeds held in the escrow account. Any amounts remaining in the account after all repairs and/or improvements have been made to Lender's satisfaction, shall be applied to the sums secured by this Mortgage. Borrower further agrees to cooperate with Lender by endorsing all checks, drafts and/or other instruments evidencing insurance proceeds and any necessary documents. Should Borrower fail to provide any required endorsement and/or execution within 30 days after Lender sends Borrower notice that Lender has received an instrument evidencing insurance proceeds, or document(s) requiring Borrower's signature, Borrower hereby authorizes Lender to endorse said instrument and/or document(s) on Borrower's behalf, and collect and apply said proceeds at Lender's option, either to restoration or repair of the Property or to sums secured by this Mortgage. It is not the intention of either party that this escrow provision, and/or Lender's endorsement or execution of an instrument(s) and/or document(s) on behalf of Borrower create a fiduciary or agency relationship between Lender and Borrower.

e) Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in section 1 or change the amount of the payments. If under section 15 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Mortgage.

**4. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the Declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**5. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such actions as is necessary to protect Lender's interest.

Any amounts disbursed by Lender pursuant to this section 5, with interest thereon from the date of disbursal, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this section 5 shall require Lender to incur any expense or take any action hereunder.

**6. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**8. Borrower Not Released; Forbearance By Lender Not a Waiver.** Borrower shall remain liable for full payment of the principal and interest on the Note (or any advancement or obligation) secured hereby, notwithstanding any of the following: (a) the sale of all or a part of the premises; (b) the assumption by another party of Borrower's obligations hereunder; (c) the forbearance or extension of time for payment or performance of any obligation hereunder, whether granted to Borrower or a subsequent owner of the Property; and (d) the release of all or any part of the premises securing said obligations or the release of any party who assumes payment of the same. None of the foregoing shall in any way affect the full force and effect of the lien of this Mortgage or impair Lender's right to a deficiency judgment (in the event of foreclosure) against Borrower or any party assuming the obligations hereunder, to the extent permitted by applicable law. Any forbearance by Lender in exercising any right or remedy hereunder or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**9. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Mortgage but does not execute the Note (a "co-signer"): (a) is co-signing this Mortgage only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Mortgage; (b) is not personally obligated to pay the sums secured by this Mortgage; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Mortgage or the Note without the co-signer's consent.

Subject to the provisions of section 14, any Successor in Interest of Borrower who assumes Borrower's obligations under this Mortgage in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Mortgage. Borrower shall not be released from Borrower's obligations and liability under this Mortgage unless Lender agrees to such release in writing. The covenants and agreements of this Mortgage shall bind and benefit the successors and assigns of Lender.

**10. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by first class mail addressed to Borrower or the current owner at the Property Address or at such other address as Borrower may designate in writing by notice to Lender as provided herein, and any other persons personally liable on the Note as their names and addresses appear in Lender's records at the time of giving notice and (b) any notice to Lender shall be given by first class mail to Lender's address at Wachovia Bank, National Association, Retail Credit Servicing, P.O. Box 50010, Roanoke, VA 24022 or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**11. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflicts shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**12. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note, this Mortgage and Rider(s) at the time of execution or after recordation hereof.

**13. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**14. Transfer of the Property or a Beneficial Interest in Borrower; Assumption.** As used in this section 14, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with section 10 within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies by this Mortgage without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**15. Default; Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this entire Mortgage, including the covenants to pay when due any sums under the Note secured by this Mortgage, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without demand or notice, notice of the exercise of such option being hereby expressly waived. Lender may invoke the power of sale hereby granted. Lender shall have the right to enter upon and take possession of the Property hereby conveyed or shall without taking such possession have the right to sell the same at public auction for cash, after first giving notice of the time, place and terms of such sale by publication once a week for three consecutive weeks prior to said sale, in some newspaper published in said county, and upon payment of the purchase money, Lender, or owner of the debt and this Mortgage, or auctioneer, shall execute to the purchaser for and in the name of Borrowers, a good and sufficient deed to the Property sold. Lender shall apply the proceeds of said sale: first, to the expense of advertising, selling and conveying said Property, including a reasonable attorney's fee; second, to the payment of any amounts that may have been expended or that may then be necessary to expend in paying insurance, taxes and other encumbrances, with interest thereon; third, to the payment in full of the principal indebtedness and interest thereon, whether the same shall or shall not have fully matured at the date of said sale, but no interest shall be collected beyond the date of said sale; and fourth, the balance, if any, shall be paid over to said Borrowers or to whomever then appears of record to be the owner of said Property. Lender may bid and become the purchaser of the Mortgaged Property at any foreclosure sale hereunder.

**16. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued if: (a) Borrower pays Lender all sums which then would be due under this Mortgage, the Note and Notes securing Future Advances, if any, had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in section 15 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action, as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**17. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that so long as Borrower is not in default hereunder, Borrower shall, prior to acceleration under section 15 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration and/or foreclosure under section 15 hereof, or abandonment of the Property, Lender, in person or by agent, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. Lender shall be liable to account only for those rents actually received prior to the foreclosure sale as provided in section 15. Lender shall not be liable to account to Borrower or to any other person claiming any interest in the Property for any rents received after foreclosure.

**18. Loan Charges.** If the loan secured by this Mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (a) any such loan charges shall be reduced by the amount necessary to reduce the charge to the permitted limit and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by mailing a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment under the Note.

**19. Legislation.** If, after the date hereof, enactment or expiration of applicable laws have the effect either of rendering the provisions of the Note, this Mortgage or any Rider, unenforceable according to their terms, or all or any part of the sums secured hereby uncollectible, as otherwise provided in this Mortgage or the Note, or of diminishing the value of Lender's security, then Lender, at Lender's option, may declare all sums secured by this Mortgage to be immediately due and payable.

**20. Satisfaction.** Upon payment of all sums secured by this Mortgage, the conveyance of the Property pursuant to this Mortgage shall become null and void and Lender shall release this Mortgage. Borrower shall pay all costs of recordation, if any. Lender, at Lender's option, may allow a partial release of the Property on terms acceptable to Lender and Lender may charge a release fee.

**21. Waiver of Homestead.** Borrower hereby waives all rights of homestead exemption in the Property and relinquishes all rights of dower and curtesy in the Property.

**22. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit, or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal, or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this section 22, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this section 22, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection.

### REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE
### UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender at Wachovia Bank, National Association, Retail Credit Servicing, P.O. Box 50010, Roanoke, VA   24022 of any default under the superior encumbrance and of any sale or other foreclosure action.

**IN WITNESS WHEREOF,** Borrower has executed this Mortgage and adopted as his seal the word ("SEAL") appearing beside his name.

Signed, sealed and delivered by:

_____ [SEAL]
Borrower
MERIDA MESA

_____ [SEAL]
Borrower

_____ [SEAL]
Borrower

_____ [SEAL]
Borrower

STATE OF NEW JERSEY          )
                             ) ss
COUNTY OF _Bergen_           )

BE IT REMEMBERED, that on this _14th_ day of _February_____, _2003_, in the County and State aforesaid, before me, a Notary Public authorized to take acknowledgements and proofs in said County and State, personally appeared _Merida_  _Mesa_

_____
_____
_____

who, I am satisfied is the Borrower named in and who executed the foregoing instrument and he did acknowledge that he signed, sealed and delivered same as his act and deed for the uses and purposes therein expressed.

_____
Signature of Notary Public

[NOTARY SEAL]

_Muna_  _Malik_
Notary Public Name Typed or Printed

My commission expires: _May 29, 2007_

MUNA MALIK
Notary Public of New Jersey
Bergen County
My Commission Expires May 29, 2007

536665 (Rev 03)          B12148P125          5          (2/02) N.J Mortgage

**END OF DOCUMENT**



Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

March 20, 2010

Mr. James E. Hanson
Senior Vice President
Wells Fargo Bank, National Association
90 South Seventh Street
Minneapolis, MN 55479

Re:    Applications to merge Wachovia Bank, National Association, Charlotte, North Carolina
       and Wachovia Bank of Delaware, National Association, Wilmington, Delaware with and
       into Wells Fargo Bank, National Association, Sioux Falls, South Dakota
       Application Control Number: 2009-ML-02-0012

Dear Mr. Hanson:

This letter is the official acknowledgement, authorization and certification by the Office of the
Comptroller of the Currency (OCC) that effective March 20, 2010 Wachovia Bank, National
Association, Charlotte, North Carolina and Wachovia Bank of Delaware, National Association,
Wilmington, Delaware merged with and into Wells Fargo Bank, National Association, Sioux
Falls, South Dakota, under the title of the latter. As result of the merger, the OCC has
renumbered the charter number of Wells Fargo Bank, National Association (the resulting bank)
from charter number 1741 to charter number 1.

This letter is also the official authorization for Wells Fargo Bank, National Association to
operate the former main office of Wachovia Bank of Delaware, National Association and the
branch offices of Wachovia Bank, National Association and Wachovia Bank of Delaware,
National Association as branches of Wells Fargo Bank, National Association. A list of branches
for the resulting bank will be sent under separate cover.

If you have questions regarding this letter, please contact me at (202) 874-5294 or by e-mail at
Stephen.Lybarger@occ.treas.gov. Please reference the application control number in any
correspondence.

Sincerely,

Stephen A. Lybarger

Stephen A. Lybarger
Large Bank Licensing Lead Expert

# Exhibit "B"

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
**0** Valuation of Security       **0** Assumption of Executory Contract or Unexpired Lease       **0** Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **Merida Mesa**

Case No.: _____**18-29225**_____

Judge: _____**SLM**_____

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☑ Original                ☐ Modified/Notice Required       Date: _____**10/24/2018**_____
☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

## YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                      Best Case Bankruptcy

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney __DLS__    Initial Debtor: __M M__    Initial Co-Debtor _____

## Part 1:  Payment and Length of Plan

a.  The debtor shall pay __200.00  Monthly__ to the Chapter 13 Trustee, starting on __October 1, 2018__ for approximately __36__ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion:  _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:  _____

- ☑ Loan modification with respect to mortgage encumbering property:
  Description:**335 River Road, Bogota, NJ 07603**
  Proposed date for completion:  __Determined by Court__

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

## Part 2:  Adequate Protection     ■ NONE

a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b.  Adequate protection payments will be made in the amount of $__958.70__ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: __Wells Fargo Home Mortgage__ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Scura, Wigfield, Heyer, Stevens & Cammarota, LLP | Administrative | Amount ot be determined by further application to the Court |
| Internal Revenue Service | Taxes and certain other debts | 2,000.00 |
| New Jersey Division of Taxation | Taxes and certain other debts | Unknown |

2

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been
assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim
pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly
obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the
bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Wells Fargo Home Mortgage** | **335 River Road Bogota, NJ 07603 Bergen County** | **65,000 (estimated)** | 0 | **Arrears to be cured via loan modification** | **958.70 - AP** |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations
and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy
filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a
purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred
within one year of the petition date and secured by a purchase money security interest in any other thing of
value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section
1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in
Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated
as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an
unsecured claim.

3

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender ☑ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f.  Secured Claims Unaffected by the Plan ☑ NONE**

The following secured claims are unaffected by the Plan:

| Creditor |
|---|

**g.  Secured Claims to be Paid in Full Through the Plan ☑ NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5:  Unsecured Claims   ☐ NONE

a.  **Not separately classified**  allowed non-priority unsecured claims shall be paid:

☐  Not less than $____ to be distributed *pro rata*

☑  Not less than  __100__  percent

☐  *Pro Rata* distribution from any remaining funds

b.  **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases   ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions   ☒ NONE

4

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

### a. Vesting of Property of the Estate
☑ Upon Confirmation
☐ Upon Discharge

### b. Payment Notices
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

5

#### d. Post-Petition Claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

| **Part 9: Modification**    ☒ NONE |
|---|

| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being modified: _____. | |
|---|---|
| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes     ☐ No

---

| **Part 10 :  Non-Standard Provision(s): Signatures Required** |
|---|

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

---

| **Signatures** |
|---|

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: __October 24, 2018_____

/s/ Merida Mesa
**Merida Mesa**
Debtor

Date: _____

Joint Debtor

Date __October 24, 2018_____

/s/ David L. Stevens
**David L. Stevens 034422007 NJ**
Attorney for the Debtor(s)

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 18-29225-SLM
Merida Mesa                                                           Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 1          Date Rcvd: Oct 26, 2018
                             Form ID: pdf901           Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 28, 2018.
db              +Merida Mesa,    335 River Road,    Bogota, NJ 07603-1017
cr              +WELLS FARGO BANK, N.A.,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,    Suite 100,
                 Mt. Laurel, NJ 08054-3437
517780138       +Wells Fargo Bank c/o,    Phelan, Hallinan et al,    400 Fellowship Road,    Suite 100,
                 Mount Laurel, NJ 08054-3437

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: usanj.njbankr@usdoj.gov Oct 27 2018 00:22:57     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 27 2018 00:22:53     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
                                                                                          TOTAL: 2

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 28, 2018                              Signature:  /s/Joseph Speetjens

_____

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 25, 2018 at the address(es) listed below:
             David L. Stevens     on behalf of Debtor Merida  Mesa dstevens@scuramealey.com,
             ecfbkfilings@scuramealey.com;dsklar@scuramealey.com;tscialla@scuramealey.com;mmack@scura.com;jesp
             osito@scuramealey.com
             Marie-Ann  Greenberg     magecf@magtrustee.com
             Sherri Jennifer Smith    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com,
             nj.bkecf@fedphe.com
             U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
                                                                                          TOTAL: 4